*Orphans' Court, Dauphin County, November 29th, 1864.*

### In the Matter of Hawkins's Estate.

A testator devised the occupancy of his real estate to his widow during life or widowhood, and upon her death or marriage, to his adopted daughter. The widow refused to take under the will, and claimed her dower. The land was sold for the payment of debts. *Held,* that she was only entitled to her dower in the proceeds, and the balance of the interest *must* accumulate during her life or widowhood for the daughter.

By the Court.—Sarah Hawkins, widow of Richard Hawkins, deceased, presented her petition asking to have certain money in the hands of her late husband's administrator paid over to her, to be held during the term of her life, and after her death to go to Mary Pennsylvania Hawkins.

Richard Hawkins, who had no heirs or known kindred, made his will devising the occupancy of the real estate, out of which the money in the hands of his administrator arose, to his wife during life or widowhood, and on her death or marriage, to his adopted daughter, Mary P. Hawkins. The widow renounced her claims under the will by writing filed, and elected to take her dower at common law, and also to receive three hundred dollars out of the estate of the decedent. She now contends to have the use of the money arising from the sale of the real estate for the term of her life, under the supposition that the adopted daughter cannot take under the will until her own death or marriage. The house and lot devised were sold under an order of court for the payment of debts, and the money arising therefrom must now take the same course that the real estate would have taken. The will is unquestionably good, as the use and occupation devised to the widow for life or widowhood is equivalent to the grant of an estate for that period, and is sufficient to support the remainder in the adopted daughter. In fact her estate would have been good without any particular estate to support it as an executory devise. The widow declining to hold the particular estate under the will cannot affect the estate of the devisee. What estate then has Sarah Hawkins in this lot now, or in the money arising from its sale? We answer, she is entitled to her dower at common law under the express provisions of the act of 1833 in regard to wills, to wit, to

[In the Matter of Geibler's Estate.]

the use of one-third of the interest of the money arising from the sale of the real estate after the payment of debts. She is not entitled to the distribution share, or one-half or the whole under the intestate laws, for this was a case of testacy. Such is the decision of the Supreme Court, in Hinnershitz v. Bernhard's Executor (1 H. 518), reaffirmed in Paul's Executors v. Paul (12 Casey, 280).

It is asked, what is to become of the residue of the estate during the lifetime or widowhood of Sarah Hawkins? We answer, it is to accumulate for the use of Mary P. Hawkins, and she is to have the whole principal and interest on the death or marriage of Sarah Hawkins. The principal of the whole, the interest, and principal of two-thirds, while Sarah is to take the interest of the one-third as her dower. It is, therefore, ordered that a decree be drawn to that effect.